AO 91 (Rev. 02/09) Criminal Complaint

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF KENTUCKY

FILED
Jeffrey A. Apperson, Clerk
MAY 18 2010
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>RONALD WAYNE EDWARDS<br>*Defendant* | )<br>)<br>)   Case No. 4:10-mj-8<br>)<br>) |

CRIMINAL COMPLAINT

I, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about the dates of January 6, 2009 and September 2, 2009, in the counties of Nelson and Muhlenburg in the Western District of Kentucky, the defendant violated Titles 21 and 18 U.S.C. §§ 841(a)(1) and 924(c)(1)(A), offenses described as follows:

On January 6, 2009, in Bardstown, Kentucky, Nelson County, in the Western District of Kentucky, the defendant:

1. Possessed with intent to distribute and distributed a Schedule III controlled substance, to wit: hydrocodone.
2. Possessed a firearm in furtherance of a drug trafficking crime, to wit: possession with intent to distribute and distribution of hydrocodone, a Schedule III controlled substance.

On September 2, 2009, in Dawson Springs, Kentucky, Hopkins County, in the Western District of Kentucky, the defendant:

1. Possessed with intent to distribute and distributed a Schedule II controlled substance, to wit: methamphetamine.

This criminal complaint is based on these facts:

☒   Continued on the attached sheet

*Complainant's signature*

Todd J. Brown, Special Agent - FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-18-10

*Judge's Signature*

City and State:   Owensboro, Kentucky          E. Robert Goebel, U.S. Magistrate Judge
                                               *Printed Name and Title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT Owensboro

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Todd J. Brown, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for ten years.

2. Affiant states that during his experience with the FBI he has become familiar with drug trafficking violations as well as the laws concerning other violent crimes.

3. This affidavit is submitted in support of a criminal complaint against Ronald Wayne Edwards for conspiracy to traffic in a controlled substance and carrying a firearm in relation to a drug trafficking crime, on or about January 6, 2009, in violation of Title 18, United States Code (U.S.C.), Section 371, conspiracy to commit an offense against the United States, Title 21, U.S.C., Section 841(a)(1), distribution of a controlled substance, and Title 18, U.S.C., Section 924(c)(1)(A), carrying a firearm during and in relation to a drug trafficking crime. All the activities described in this affidavit occurred in Kentucky.

4. Affiant states that he is familiar with the facts and circumstances set forth in this affidavit, the information having been provided through investigation conducted by your affiant. On the basis of information from your affiant and the other sources of information identified herein, I have determined the following:

5. Your affiant has received extensive information concerning the aforesaid unlawful drug distribution activities from a Cooperating Witness. Your affiant believes the Cooperating Witness' information to be reliable because the Cooperating Witness has furnished information to the Louisville Field Office of the Federal Bureau of Investigation concerning unlawful drug distribution and other criminal activities in the Muhlenburg County, Kentucky, area for a period in excess of four years. The information supplied by the Cooperating Witness has been consistently corroborated by independent investigation by Special Agents of the Federal Bureau of Investigation and other information furnished to the Federal Bureau of Investigation by other confidential informants and has not been found to be false or misleading. For the reasons stated, your affiant believes the Cooperating Witness' information to be reliable.

6. On January 6, 2009, Ronald Wayne Edwards met with the Cooperating Witness in Central City, Kentucky, for the purpose of subsequently meeting with an Undercover Officer to sell prescription Lortab pain pills to the Undercover Officer. The Cooperating Witness and Ronald Wayne Edwards arranged to obtain the Lortab pain pills by using the Cooperating Witness' legitimate prescription. Prior to January 6, 2009, Edwards had demanded that the Cooperating Witness supply him with half of the pills, or $800.00 in United States currency as proceeds from the sale of the pills.

05/18/10

7. On January 6, 2009, Ronald Wayne Edwards and the Cooperating Witness met with an Undercover Officer, in Bardstown, KY at which time the Undercover Officer purchased one-hundred twenty prescription Lortab pain pills for $1,200.00 in United States currency.

8. On January 6, 2009, Ronald Wayne Edwards received $800.00 in United States currency as proceeds from the drug transaction.

9. On January 6, 2009, the Cooperating Witness reported that Ronald Wayne Edwards possessed a firearm, specifically a semi-automatic pistol, during the drug transaction.  Edwards had the firearm immediately accessible to him during the drug transaction.  According to the Cooperating Witness, Edwards had the firearm initially concealed under his leg, then later transferred the firearm to a concealed location behind Edwards' back.

10. A laboratory examination conducted by the Kentucky State Police of the pills purchased by the Undercover Officer on January 6, 2009, found that the pills contained hydrocodone, a Schedule III controlled substance.

11. On August 13, 2009, the Cooperating Witness telephonically contacted Ronald Wayne Edwards to determine if Edwards was in possession of methamphetamine and was willing to sell methamphetamine to the Cooperating Witness.  Edwards stated to the Cooperating Witness that he currently had in his possession one-eighth of one ounce of methamphetamine.  Edwards indicated to the Cooperating Witness that both he and his

3

girlfriend Chrissy were at his residence during the telephone conversations. Edwards arranged the sale of one-eighth of one ounce of methamphetamine and an unspecified amount of cutting agent to the Cooperating Witness in exchange for $300.00 in United States currency. Ronald Wayne Edwards stated that he would send his girlfriend, Chrissy, to meet the Cooperating Witness and provide the Cooperating Witness with methamphetamine.

12. Investigation previously conducted by the affiant and others determined that Ronald Wayne Edwards had an association with Christina Ann Gillette, and she is believed to be Ronald Wayne Edwards' girlfriend.

13. On August 13, 2009, Christina Ann Gillette met with the Cooperating Witness in Central City, KY TB 05/18/10 and provided the Cooperating Witness with a substance believed to contain methamphetamine. The Cooperating Witness provided $300.00 in United States currency to Christina Ann Gillette in exchange for the substance believed to be methamphetamine.

14. A laboratory examination conducted by the Kentucky State Police of the substance believed to contain methamphetamine purchased by the Cooperating Witness on August 13, 2009, found that the substance contained methamphetamine, a controlled substance.

15. On or about September 2, 2009, the Cooperating Witness telephonically contacted Ronald Wayne Edwards to determine if Edwards was in possession of methamphetamine and was willing to sell methamphetamine to the Cooperating Witness.

Edwards arranged the sale of five grams of methamphetamine to the Cooperating Witness in exchange for $500.00 in United States currency.

16. On September 2, 2009, the Cooperating Witness met with Ronald Wayne Edwards, *in Dawson Springs, KY* and Edwards provided the Cooperating Witness with a substance believed to contain methamphetamine. The Cooperating Witness provided $500.00 in United States currency to Ronald Wayne Edwards in exchange for the substance believed to be methamphetamine.

17. A laboratory examination conducted by the Kentucky State Police of the substance believed to contain methamphetamine purchased by the Cooperating Witness on September 2, 2009, found that the substance contained methamphetamine, a controlled substance.

18. On January 13, 2010, the Cooperating Witness met with Ronald Wayne Edwards, and Edwards stated that he had seventy (70) prescription Lortab pain pills he intended to sell. Edwards agreed to sell the pills to the Cooperating Witness for $8.00 each, for a total of $560.00.

19. On January 16, 2010, the Cooperating Witness met with Ronald Wayne Edwards, *in Dawson Springs, KY* and Edwards provided the Cooperating Witness with seventy (70) pills believed to be prescription Lortab pain pills. The Cooperating Witness provided $560.00 in United States currency to Ronald Wayne Edwards in exchange for the pills believed to be prescription Lortab pain pills.

5

20. A laboratory examination conducted by the Kentucky State Police of the pills purchased by the Cooperating Witness on January 16, 2010, found that the pills contained hydrocodone, a Schedule III controlled substance.

Based on the above facts and circumstances as well as your affiant's training and experience, affiant states that there is probable cause to believe that Ronald Wayne Edwards has committed violations of Title 18, U.S.C., Section 371, Title 21, U.S.C., Section 841(a)(1), and Title 18, U.S.C., Section 924(c)(1)(A).

_____
Todd J. Brown, Special Agent
Federal Bureau of Investigation

Sworn to before me this 18th day of May, 2010

_____
E. Robert Goebel
United States Magistrate Judge
Western District of Kentucky

6