FILED
VANESSA L. ARMSTRONG, CLERK

FEB 25 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO. 4:10CR-18-M

RONALD WAYNE EDWARDS                                        DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Ronald Wayne Edwards, and his attorney, Allen W. Holbrook, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 21, United States Code, Section 841(a) and Title 18, United States Code, Section 924(c).

2. Defendant has read the charge against him contained in the Indictment, and that charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to all counts of the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea: Regarding count one, that on January 6, 2009, in Nelson County, Kentucky, the defendant knowingly and intentionally possessed with intent to distribute 120 units of hydrocodone, a Schedule III controlled substance. Regarding count two,

that on January 6, 2009, in Nelson County, Kentucky, the defendant knowingly possessed a firearm in furtherance of the drug trafficking crime set forth in count one. Regarding count three, that on August 13, 2009, in Muhlenberg County, Kentucky, the defendant knowingly and intentionally aided and abetted Christina Gillette to possess with intent to distribute and distribute approximately 3.4 grams of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Regarding count four, that on September 2, 2009, in Hopkins County, Kentucky, the defendant knowingly and intentionally possessed with intent to distribute and distributed approximately 4.6 grams of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Regarding count five, that on January 16, 2010, in Hopkins County, Kentucky, the defendant knowingly and intentionally possessed with intent to distribute and distributed 70 units of hydrocodone, a Schedule III controlled substance.

4. Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of life, a combined maximum fine of $3,250,000, and a term of supervised release of at least three years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are left to be addressed at sentencing.

9.  Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $500 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable guideline range.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11. In the opinion of counsel, the following Sentencing Guidelines apply:

| | | |
|---|---|---|
| § 2D1.1(c)(12) | Base Offense Level | 16 |
| §3E1.1 | Acceptance of Responsibility | -3 |
| §2K2.4 | Statutory sentence - 18 U.S.C. § 924(c) | |

Defendant understands the foregoing opinion of counsel does not bind the Court, which will independently calculate the Guidelines at sentencing. Defendant understands he may not withdraw his plea of guilty if he does not agree with the Court's determination.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742,

and (b) to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise.

13. Defendant agrees to the forfeiture of all firearms seized during the course of the investigation.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal law enforcement agencies.

16. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

17. This document and the supplemental plea agreement state the complete and only plea agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been

made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

*/s/* *Fentress*            2-25-11
Larry Fentress             Date
Assistant U.S. Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

*[signature]*        2-25-11
Ronald Wayne Edwards    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

*[signature]*        2-25-11
Allen W. Holbrook    Date
Counsel for Defendant

6